# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARY ELIZABETH MULLER,<br><br>Defendant. | Case No.: 20-CR-1396-W<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE [DOC. 43.]** |

On December 20, 2020, this Court sentenced Defendant Mary Elizabeth Muller to 27 months imprisonment for Importation of Heroin and Methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) arguing that her deteriorating health puts her at high risk of contracting COVID-19 and also that she requires immediate medical attention and surgical intervention.

18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on her behalf.  Defendant has satisfied the exhaustion requirement and the Court has jurisdiction.  For the reasons below, the Court **DENIES** Defendant's motion to reduce her sentence.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentenced under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii). U.S.S.G. § 1B1.13 is not binding, however, and "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. Aruda, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020)).

While the Court may consider factors outside of those articulated in the Commission's policy statement, Defendant's medical ailments do not meet the high bar needed to show an extraordinary and compelling reason for a sentence reduction. Apart from obesity, none of Defendant's medical conditions are identified by the CDC as increasing a person's risk for severe illness from COVID-19. Regarding Defendant's obesity, Defendant is fully vaccinated, so the risk of contracting COVID-19 and becoming severely ill as a result is significantly mitigated. Defendant's need for medical care and surgical intervention is due to bleeding caused by her uterine fibroids.

Defendant was diagnosed with abnormal uterine fibroids in May of 2020. In September of 2020, her doctor recommended surgery and informed her that her fibroids

were non-malignant.  When she began serving her sentence in February of 2021, she had not yet decided to have surgery.  Bureau of Prisons ("BOP") medical records indicate her condition is being managed.  Defendant was seen by an off-site gynecologist on July 14, 2021.  The doctor's notes state: "Will need hysterectomy ultimately but pt states she is likely going to be sent home to California soon & has her MD there for that."  Upon her return to FCI Phoenix she requested that BOP medical staff not schedule a follow up consultation with the off-site physician.

Defendant's refusal to accept the care BOP is providing does not constitute an "extraordinary and compelling" reason for compassionate release.  BOP records do not show that Defendant has a serious physical or medical condition that substantially diminishes her ability to provide self-care within the correctional facility and from which she is not expected to recover.  Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.

Based on the foregoing, Defendant's motion for a sentence reduction is **DENIED**.

**IT IS SO ORDERED**.

Dated:  July 27, 2021

Hon. Thomas J. Whelan
United States District Judge